**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam R. Stephenson, *et al.*, | No. MC-22-00039-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Taser International Incorporated, *et al.*, | |
| Defendants. | |

At issue is the Motion to Quash Subpoena (Doc. 1) filed by Plaintiffs Adam R. Stephenson, Adam R. Stephenson, LTD, and Atom Enterprise, LLC,[1] to which Defendant Axon Enterprise, Inc. ("Axon"), f/k/a TASER International, Inc. ("TASER"), filed a Response and Motion to Compel Production of Documents (Doc. 4), and Plaintiffs filed a Reply (Doc. 9). Also at issue is Axon's Motion to Transfer Axon's Motion to Compel and Plaintiffs' Motion to Quash to the United States District Court for the Middle District of Florida (Doc. 5, "Mot."), to which Plaintiffs filed a Response (Doc. 10, "Resp.") and Axon filed a Reply (Doc. 12, "Reply"). For the reasons set forth below, the Court grants the Motion to Transfer and declines to rule on the Motion to Compel and Motion to Quash.

---

[1] There is some disagreement between the parties regarding the entity or entities of Adam R. Stephenson subject to the Subpoena. (*See* Doc. 1 at 1 n.1; Doc. 4 at 1 n.1; Doc. 9 at 1 n.1; Doc. 10 at 1 n.1.) The Court finds it unnecessary to resolve this disagreement in considering Axon's Motion to Transfer and, solely for the purposes of resolving that motion, will refer to Plaintiffs as they refer to themselves in their filings in this action.

## I. BACKGROUND

Plaintiff Adam R. Stephenson is a lawyer with the Arizona law firm of Adam Stephenson, LLC, doing business as Adam R. Stephenson, LTD. (Doc. 1 at 1 n.1, 2.) In August 2022, Axon served a Subpoena on "Adam R. Stephenson, LTD c/o Atom Enterprises LLC," requesting records relating to a case before the United States District Court for the Middle District of Florida ("MDFL"), *TASER International, Inc. v. Phazzer Electronics, Inc. et al.*, No. CV-16-0366-PGB-LHP (the "Underlying Litigation"). In that case, Axon—formerly known as TASER—sued Phazzer Electronics, Inc., for trademark and patent infringement, false advertising, and unfair competition in March 2016. (Mot. at 3.) In July 2017, the MDFL issued a default judgment in favor of Axon for over $7.8 million and permanently enjoined Phazzer from challenging Axon's trademark registration. (Mot. at 3.) *See TASER Int'l v. Phazzer Electronics*, 754 Fed. Appx. 955 (Fed. Cir. 2018) (affirming district court's default judgment and injunction order). Following the judgment in Axon's favor, the MDFL found that agents of Phazzer, including Phazzer owner Steven Abboud, violated the injunction and held them in civil and criminal contempt. (Mot. at 4.) As Axon attempts to collect on the judgment, it served the Subpoena seeking corporate records regarding the representation of various parties involved in the Underlying Litigation, including Phazzer and Steven Abboud. (Doc. 1-1 at 5.)[2]

On September 12, 2022, Plaintiffs moved this Court to quash the Subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3)(iii). (Doc. 1.) Citing the provisions of the Arizona Rules of Professional Conduct and Texas Disciplinary Rules of Professional Conduct that govern client confidentiality, Plaintiffs argue that their ethical duties of confidentially prohibit them from producing the requested documents because they lack express or implied consent from their current or former clients, and there is no applicable

---

[2] Relatedly, Axon served another Arizona law firm in August 2022 with a subpoena that similarly requested corporate records regarding the representation of Phazzer entities and Abboud. *See Axon Enter. Inc. v. Venjuris PC*, No. MC-22-00040-PHX-GMS, 2022 WL 16527519, at *1 (D. Ariz. Oct. 28, 2022). In that case, Axon moved to compel production in the District Court of Arizona, then moved to transfer its motion to compel to the MDFL. *Id.* The Honorable Chief Judge Snow granted Axon's motion to transfer, finding there were exceptional circumstances that outweighed the interests of the nonparty law firm. *Id.* at *4.

exception to the rules prohibiting such disclosure. (Doc. 1 at 5–9.) Plaintiffs also raise the attorney-client privilege as to the requested records. (Doc. 1 at 3–5 nn.2–5.)

On September 26, 2022, Axon filed its Response to Plaintiffs' Motion to Quash and moved to compel the production of documents in compliance with the subpoena, countering Plaintiffs' arguments that disclosure of the requested documents is prohibited by the ethical rules or the attorney-client privilege. (*See generally* Doc 4.) Concurrently, Axon filed its Motion to Transfer, arguing there are exceptional circumstances that warrant the transfer of Plaintiffs' Motion to Quash and Axon's Motion to Compel to the MDFL. (*See generally* Mot.) Plaintiffs oppose transfer of these motions and raise several arguments in opposition. (Resp. at 2–3.) In its Reply, Axon counters these arguments and maintains that transfer of the Motion to Quash and Motion to Compel is warranted. (Reply at 1–3.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45(d) provides that subpoena-related motions must be filed in the court for the district where compliance is required. However, Rule 45(f) provides that the court thereafter may transfer a subpoena-related motion to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Upon a finding of exceptional circumstances, the court has discretion whether to transfer the motion. *See Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014). The Advisory Committee notes state that in considering whether to transfer the motion, "[t]he prime concern should be avoiding burdens on local nonparties," but this concern "must be balanced with the interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) (quoting Fed. R. Civ. P. 45 advisory committee's note). Transfer may be appropriate if the interests favoring transfer "outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45 advisory committee's note.

## III. ANALYSIS

### A. Exceptional Circumstances

While neither Rule 45 nor the Advisory Committee notes identify an exhaustive list of exceptional circumstances warranting transfer of a subpoena-related motion to the issuing court, the notes indicate that the Court should consider factors such as judicial economy, docket management, and the risk of inconsistent rulings. *See Obesity Rsch. Inst., LCC v. Fiber Rsch. Inter'l, LCC*, No. CV-16-00061-JAD-PAL, 2016 WL 593546 at *3 (D. Nev. Feb. 12, 2016) (citing Fed. R. Civ. P. 45, advisory committee's note). Here, the Court concludes these factors support a finding of exceptional circumstances warranting transfer.

The MDFL has previously addressed issues relevant to the Subpoena and the instant subpoena-related motions. Plaintiffs base their Motion to Quash on confidentiality and attorney-client privilege grounds. (*See* Doc. 1 at 2–8.) For example, Category 2 of the subpoenaed documents requires Plaintiffs to produce the following:

> Corporate records from January 1, 2013 to present of any Phazzer entity ever formed, managed, owned or controlled by Steven Abboud, including without limitation, Phazzer Electronics, Inc., Phazzer IP, LLC, Phazzer Global, LLC, Phazzer Global, Inc., and Phazzer LLC . . . .

(Doc. 1-1 at 5.) Plaintiffs argue that "[t]o the extent the Subpoena directs disclosure of documents/information regarding [Plaintiffs'] purported representation/former representation of Phazzer Electronics, Inc., Phazzer IP, LCC and Phazer LLC, such is protected by the attorney-client privilege." (Doc. 1 at 4 n.3.) Plaintiffs assert that neither the Phazzer entities nor Steven Abboud have waived any privileges associated with their alleged representation by Plaintiffs. (*Id.* at 5.) Axon responds that Abboud has, in fact, waived attorney-client privilege in relation to certain communications, and the MDFL has issued a ruling finding the same. (Mot. at 9–10.) According to Axon, transfer is warranted to avoid rulings inconsistent with the MDFL's prior ruling. (*Id.*) The Court agrees.

In ruling on Plaintiffs' Motion to Quash and Axon's Motion to Compel, this Court would run the risk of undermining the MDFL's prior rulings, including its ruling as to

Abboud's waiver of attorney-client privilege, which "'weighs in favor of a single judicial officer deciding all of [the] disputes'" *Axon Enter., Inc.*, 2022 WL 16527519 at *2 (quoting *Venus Med. Inc. v. Skin Cancer & Cosm. Dermatology Crt. PC*, No. 15-00062MC, 2016 WL 159952, at *3 (D. Ariz. Jan. 14, 2016)). As Chief Judge Snow noted in transferring a related subpoena issued in the Underlying Litigation to the MDFL, the MDFL "'is in a much better position to determine which documents have already been produced,' and no longer comprise privileged communications." *Id.* at *2 (quoting *Moon Mountain Farms*, 301 F.R.D. at 429). The consistency factor therefore supports a finding of exceptional circumstances warranting transfer of the subpoena-related motions in this case.

Next, Axon argues—and the Court agrees—that the length and complexity of the Underlying Litigation weighs in favor of transfer. (Mot. at 8.) *See Jud. Watch, Inc.*, 307 F.R.D. at 34 (courts consider the "complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation."). The docket in the Underlying Litigation is comprised of over 500 docket entries. (*See* Doc. 5-1.) The case has been pending before the MDFL for over six years, during which time the MDFL has issued dozens of rulings on issues including discovery disputes. (*See* Mot. at 9.) The Court agrees with Chief Judge Snow's assessment that the MDFL is better situated to rule on the issues presented by the Subpoena given its familiarity with this complex case, the history of discovery, and issues such as privilege waivers. *See Axon Enters., Inc.*, 2022 WL 16527519 at *3. Thus, the judicial economy factor supports a finding of exceptional circumstances warranting transfer.

**B.     Estoppel**

In their Response, Plaintiffs argue that Axon is estopped from requesting a transfer due to communications between counsel for the parties in which Axon's counsel "strenuously argued that filing the Motion to Quash in the Middle District of Florida would be wholly inappropriate and likely to be dismissed" and "demanded that the Motion to Quash be filed in the District of Arizona instead." (Resp. at 2.) Axon responds that Plaintiffs' estoppel argument is meritless. (Reply at 2.) Axon points out that in the

- 5 -

communications in question, counsel for Axon simply referred Plaintiff Stephenson's counsel to Rule 45 before he filed a subpoena-related motion in the MDFL that was "procedurally unsound and will not be successful." (Doc. 4-5 at 6.) Specifically, Axon's counsel advised that the presiding judge in the MDFL is "well aware that Rule 45(d)(3)(A) provides that 'the court for the district *where compliance is required* must quash or modify a subpoena," and that the presiding judge "has twice denied motions on the basis that they were filed incorrectly in MDFL." (*Id*. (emphasis in original).) Plaintiffs' estoppel argument is without merit. Axon cannot be estopped for informing opposing counsel of the requirements of the Federal Rules and proposing the same procedure—transfer of the instant motions to the MDFL after their initial filing in this Court—that Axon now seeks and the Court now implements.

### C.     Local Nonparty Interests

The Court must consider whether the interests in favor of transfer identified above "outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45 advisory committee's note. Examples of nonparty interests include the expense and burden of obtaining local counsel and traveling to proceedings. *See In re All. Healthcare Partners, LLC*, No. MC-22-00033-PHX-DWL, 2022 WL 16527952, at *6–7 (D. Ariz. Oct. 28, 2022). However, the cost of transfer alone does not necessarily outweigh "the importance of consistent management of the underlying litigation and judicial economy." *Moon Mountain Farms, LLC*, 301 F.R.D. at 430. Further, courts are generally encouraged to "'permit telecommunications' to minimize travel costs after a Rule 45(f) transfer." *Id*. (quoting Fed. R. Civ. P. 45 advisory committee's note).

Plaintiffs contend they will be burdened by the transfer because they must retain new Florida counsel. (Resp. at 3.) Axon notes that Plaintiffs already retained Florida counsel to file an objection before the MDFL. (Reply at 2.) To the extent Plaintiffs' Florida counsel no longer represents Plaintiffs, Axon represents that it would not oppose a motion by Plaintiffs' Arizona counsel to appear *pro hac vice* to resolve the transferred motions. (*Id*.) Further, Rule 45(f) provides that "if the attorney for a person subject to a subpoena is

authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court." *See In re All. Healthcare Partners, LLC*, 2022 WL 16527952, at *6 (recognizing that a transfer does not necessarily implicate the need to obtain local counsel under Rule 45(f)). Therefore, the potential burden of hiring local counsel is either minimal or nonexistent and does not outweigh the exceptional circumstances warranting transfer in this case.

Next, Plaintiffs argue they will be burdened due to travel time and cost for discovery-related proceedings. (Resp. at 2–3.) They recount that Plaintiff Stephenson was ordered to personally appear in an October 2017 civil contempt proceeding before the MDFL in the Underlying Litigation, so "any 'guarantees' [Axon] wish[es] to offer of Plaintiffs being able to appear via Zoom meetings or other things are wholly illusory." (*Id.* at 2–3.) Axon responds that "[d]iscovery disputes are not subjected to the same procedures as contempt proceedings," with the latter requiring an evidentiary hearing. (Reply at 2.) Further, Axon notes that a discovery conference in the Underlying Litigation was held via Zoom in March 2022, demonstrating the unlikelihood that Plaintiffs would be required to travel for proceedings on the transferred motions. (*Id.*) Considering the distinctions between contempt proceedings and any subpoena-related motions hearings, and the MDFL having previously permitted the use of Zoom, the Court finds the exceptional circumstances warranting transfer outweigh the potential burden of travel on Plaintiffs.

Finally, Plaintiffs raise concerns that allowing United States District Judge Paul G. Byron, who presided over the civil contempt proceeding in which Stephenson personally appeared in October 2017, to rule on the instant motions would prejudice Plaintiffs. (Resp. at 3.) The Court need not address these concerns in light of Axon's representations that "Magistrate [Judge Leslie] Hoffman, not Judge Byron, will be assigned Axon's Motion to Compel and has streamlined the resolution of discovery disputes in the Underlying Litigation." (Reply at 2 (citing Doc. 508 in the Underlying Litigation).)

In sum, the Court finds that there are exceptional circumstances warranting the transfer of Plaintiffs' Motion to Quash and Axon's Motion to Compel and that the interests in favor of transfer outweigh Plaintiffs' interests in local resolution of these motions.

**IT IS THEREFORE ORDERED** granting Axon's Motion to Transfer Axon's Motion to Compel and Plaintiffs' Motion to Quash to the United States District Court for the Middle District of Florida (Doc. 5).

**IT IS FURTHER ORDERED** directing the Clerk of Court to transfer this matter to the United States District Court for the Middle District of Florida.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action.

Dated this 29th day of December, 2022.

Honorable John J. Tuchi
United States District Judge